Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5225 | **DATE** | 1/13/2011 |
| **CASE TITLE** | Coker v. Chandler et al. | | |

**DOCKET ENTRY TEXT**

Respondent's motion to dismiss [13] is granted. Petitioner's motion to excuse late response to respondent's motion to dismiss [19] is denied as moot. Status hearing set for 1/14/11 is vacated.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

Petitioner Curtis Coker ("Coker") has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss Coker's petition as untimely. For the reasons explained below, the motion is granted.

"Section 2244(d)(1) of AEDPA provides that a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." *U.S. ex rel. Soto v. Liebach*, No. 04 C 2955, 2004 WL 2222267, at *1 (N.D. Ill. Oct. 1, 2004). The limitations period begins to run from one of several dates. Of these, the only date relevant here is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Coker pleaded guilty and was sentenced on June 21, 1999. Under Illinois Supreme Court Rule 604(d), if Coker wished to appeal his plea or sentence, he was required to do so within thirty days. *See* Ill. Sup. Ct. Rule 604(d); *see also Wright v. Chandler*, No. 09 C 8078, 2010 WL 5244766, at *1 (N.D. Ill. Dec. 9, 2010). Since he did not appeal, his conviction became final (and the time for direct review expired) after the thirty-day period had elapsed, on July 21, 1999. Hence, the limitations period under AEDPA ended one year later, on July 21, 2000. Coker's § 2254 petition was filed on August 18, 2010 -- well outside the limitations period.

Coker claims that the limitations period was tolled because he filed a post-conviction motion under Illinois' Post-Conviction Hearing Act ("IPCHA"), 725 ILCS 5/122-1. The IPCHA allows prisoners to bring collateral challenges to their convictions within three years of the date of their conviction. *See, e.g., U.S. ex rel. Lee v. Hardy-Hall*, 883 F. Supp. 254, 255 n.5 (N.D. Ill. 1995). The state trial court denied the motion on April 24, 2006, and on October 31, 2008, the appellate court affirmed. Coker then

filed a petition for leave to appeal ("PLA"), which the Illinois Supreme Court denied on September 30, 2009. Coker points out that a properly-filed petition for post-conviction relief in state court tolls the one-year statute of limitations for filing a § 2254 petition. *See, e.g.*, *Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009). As a result, he claims, the limitations period did not begin to run on his § 2254 petition until September 30, 2009, when his PLA was denied and he no longer had any motions pending in the state court. *See, e.g., Rose v. Hulick*, No. 07-CV-153-DRH, 2008 WL 724813, at *5 (S.D. Ill. Mar. 17, 2008) (period of limitations under § 2244(d) was tolled until the Illinois Supreme Court denied PLA). Since the instant petition was filed on August 18, 2010, he maintains that he was within § 2244's one-year window after all.

This line of reasoning ignores the fact that the § 2244 one-year limitations period had already expired by the time Coker filed his first post-conviction motion. Coker's conviction became final on July 21, 1999, while his post-conviction motion was not filed until August 13, 2001. Hence, by the time Coker filed his post-conviction motion, there was, in effect, no time left to toll. Indeed, the argument advanced by Coker has been rejected by the Seventh Circuit. *See, e.g.*, *Graham v. Borgen*, 483 F.3d 475, 483 (7th Cir. 2007)(because petitioner did not have a properly filed application for collateral review pending at any time between the time when his judgment became final the expiration of the federal habeas statute's one-year limitations period, petitioner's subsequently-filed post-conviction motion "had no tolling effect whatsoever on the AEDPA statute of limitations"); *Teas v. Endicott*, 494 F.3d 580, 582 (7th Cir. 2007); *Escamilla v. Walls*, No. 00 C 3270, 2004 WL 2339321, at *2(N.D. Ill. Oct. 14, 2004), *aff'd sub nom. Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005).

Coker goes on to argue that he is entitled to relief because the state court's decision "was contrary to, or involved an unreasonable application of, clearly established, Federal law as determined by the Supreme Court of the United States." Resp. Br. at 7. It is unclear whether this is an attempt to argue the merits of his position, or whether it is intended as another attempt to circumvent his petition's untimeliness. Under either interpretation, however, the argument fails. Since Coker's petition is untimely, respondent's motion to dismiss is granted.

Under Rule 11 of the Rules Governing § 2254 Cases, a court is required to "issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant." To obtain a COA, "the applicant must make a substantial showing of the denial of a constitutional right." *Janssen v. Hompe*, No. 09-cv-0034-bbc, 2009 WL 4554694, at *1 (W.D. Wis. Nov. 27, 2009). "This means that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotation marks omitted). Because I do not see any basis on which reasonable jurists might disagree with the ruling set forth above, I deny Coker a certificate of appealability.